**Gurmangat SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Docket No. 03–4617.**

United States Court of Appeals, Second Circuit.

July 13, 2005.

Hardeep S. Rai, Rai & Associates, P.C., San Francisco, California, for Petitioner (on submission).

Marcos Daniel Jimenez, United States Attorney, Southern District of Florida (Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Assistant United States Attorney, of counsel), for Respondent (on submission).

Present: WESLEY, HALL, Circuit Judges, and SCULLIN, Jr., Chief District Judge.[1]

### SUMMARY ORDER

Gurmangat Singh, a citizen of India, petitions this Court for review of a March 5,

2003 order, with opinion, of the Board of Immigration Appeals ("BIA"), affirming the June 19, 2001 order of an Immigration Judge ("IJ"). The IJ rejected petitioner's claims for asylum, withholding of removal, and relief under Article III of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of issues.

"We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "Before an alien can seek judicial review of his removal decision, the INA [8 U.S.C. § 1252(d) ] requires that he exhaust all administrative remedies available to him," and "a failure to exhaust them 'constitutes a clear jurisdictional bar.'" *Foster v. INS,* 376 F.3d 75, 77 (2d Cir.2004) (per curiam) (quoting *United States v. Gonzalez–Roque,* 301 F.3d 39, 47 (2d Cir.2002)). Therefore, we only review petitioner's alleged errors in the IJ's opinion to the extent that petitioner preserved them by raising them before the BIA. *Id.*

Based on our review of the record, we conclude that substantial evidence supported the BIA's denial of petitioner's claims for asylum, withholding of removal, and CAT relief. An applicant is eligible for asylum only if he first establishes that

1. The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York sitting by designation.

"he is 'unable or unwilling' to return to his native country because of 'persecution or a well-founded fear of persecution on account'" of specified grounds. *Ramsameachire*, 357 F.3d at 178 (quoting 8 U.S.C. § 1101(a)(42)). An applicant who fails to establish eligibility for asylum is necessarily precluded from satisfying the heavier burden for withholding of removal. *See Zhang v. INS*, 386 F.3d 66, 71 (2d Cir. 2004). The BIA accepted petitioner's testimony as credible, but concluded that evidence of changed circumstances in India overcame the presumption that petitioner would more likely than not suffer persecution. That conclusion was supported by substantial evidence. We therefore do not disturb the BIA's conclusion that petitioner has failed to establish either a well-founded fear of persecution or that it is more likely than not that petitioner would be tortured upon return to India.

For the reasons set forth above, the petition for review is hereby DENIED.